Frederick M. Heiser, Bar No. 232582
KLINEDINST PC
2 Park Plaza, Suite 1250
Irvine, California 92614
(714) 542-1800/FAX (714) 542-3592
fheiser@klinedinstlaw.com

Emily J. Atherton, Bar No. 239837
KLINEDINST PC
777 S. Figueroa Street, Suite 2800
Los Angeles, California 90017
(213) 406-1100/FAX (213) 406-1101
eatherton@klinedinstlaw.com

*Attorneys for Defendant CORE & MAIN, LP*

Shaun M. Murphy, Esq.
Katelyn K. Empey, Esq.
SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262
(760) 322-2272/FAX: 760-322-2107
murphy@sbemp.com
kempey@sbemp.com

*Attorneys for Plaintiff, MISSION SPRINGS WATER DISTRICT*

Ruben A. Castellón, Esq.
CASTELLON & FUNDERBURK LLP
811 Wilshire Blvd, Suite 1025
Los Angeles, CA 90017-2649
(213) 623-7515/FAX: 213-532-3984
rcastellon@candffirm.com

Phillip A. Baker, Esq.
BAKER, KEENER & NAHRA LLP
633 W. 5th Street, Suite 5500
Los Angeles, CA 90071
(213) 241-0900/FAX: 213-241-0990
pbaker@bknlawyers.com

*Attorneys for Defendant MASTER METER, INC.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISSION SPRINGS WATER DISTRICT, a county water district and public agency of the State of California,<br><br>Plaintiff, | Case No. 5:20-cv-00332 TJH (KKx)<br><br>**STIPULATION TO REVISE JOINT SCHEDULING REPORT DATES SUBJECT TO COURT APPROVAL** |

KLINEDINST PC
2 PARK PLAZA, SUITE 1250
IRVINE, CALIFORNIA 92614

|   |   |
|---|---|
| v.<br><br>MASTER METER, INC., a Texas Corporation; and CORE & MAIN, a California Limited Partnership, and DOES 1 through 10, inclusive,<br><br>Defendants. | Judge:     Hon. Terry J. Hatter, Jr.<br>Trial Date: |

TO THE COURT AND ALL INTERESTED PARTIES:

Plaintiff MISSION SPRINGS WATER DISTRICT, a county water district and public agency of the State of California ("MISSION" or "Plaintiff"), Defendant CORE & MAIN, LP ("CORE & MAIN"), and Defendant MASTER METER, INC. ("MASTER METER"), through their respective counsel, submit this request to set and continue several dates associated with this matter. While the parties have engaged in meaningful written discovery, delays have occurred as a result of the COVID pandemic, weather conditions in Texas, and illness amongst the principals involved. As a result, the parties have worked cooperatively to set/continue the following dates, subject to Court approval. The Scheduling Report and Scheduling Conference Worksheet were prepared after the parties met and conferred on or around February 27, 2021. The meet and confer communications were between Shaun M. Murphy of Slovak Baron Empey Murphy & Pinkney LLP (counsel for Plaintiff, MISSION SPRINGS WATER DISTRICT), Emily J. Atherton of Klinedinst PC (counsel for CORE & MAIN, LP), and Ruben A. Castellón of Castellón & Funderburk LLP and Phillip A. Baker of Baker, Keener & Nahra LLP (counsel for Defendant MASTER METER, INC.)

## 1. **Statement of the Case**

Plaintiff, Mission Springs Water District, alleges that, in or about 2004, it began negotiations with Core & Main, LP's predecessor-in-interest, HD Supply Water Works LP, for the purchase and installation of district-wide water meter registers. Plaintiff further alleges that Defendants assured Mission Springs that

Master Meter's registers had an expected useful life of at least 20 years.  Plaintiff alleges that it purchased approximately 13,000 water registers.  Plaintiff further alleges that, as part of the purchase, Master Meter issued a written warranty to Mission Springs wherein it would provide full replacement value for 10 years and a prorated replacement value for the last ten years.  Plaintiff further alleges that, as part of the warranty, Master Meter agreed that it would, at its election, repair or replace the registers with a reasonably comparable replacement if they failed to perform as warranted.  Plaintiff goes on to allege that, in 2014, a defect was discovered and that Master Meter agreed to replace the 13,000 registers at no cost. Plaintiff further alleges, that in 2018, Core & Main and Master Meter attempted to persuade Plaintiff to replace the registers and upgrade to a newer, more expensive model.  Plaintiff alleges that Defendants were aware of certain defects with the registers that had replaced the original registers, but did not disclose them at that time.  Plaintiff further alleges that, in September of 2018, the replacement registers began to fail and that Master Meter refused to provide a full replacement product to replace the failed registers.

Defendant Core & Main, LP denies all allegations against it, including Plaintiff's allegations that it made any misrepresentations regarding the registers that were provided to Plaintiff.  Core & Main, LP contends that, in its dealings with Plaintiff, it acted in good faith at all times.

Master Meter denies all allegations against it, including Plaintiff's allegations that it made any misrepresentations regarding the registers that were provided to Plaintiff.  Mission Springs Water District received the quote from Master Meter with product upgrade offerings.  A meeting took place where this quote was presented, and representatives from Mission Springs Water District elected not to upgrade their current registers.  At the time, Mission Springs Water District was using thirteen thousand registers that had been replaced in 2014.  The change-out that occurred in 2014 was fully covered/paid by Master Meter.  Master Meter

contends that it was under no legal obligation to do so pursuant to the terms of the written Master Meter warranty, but the decision was made that it would cover all of the costs and expenses of the change-out. Master Meter further contends that Mission Springs Water District was presented with the opportunity to purchase, and decided against purchasing, a new warranty when the replacement registers were installed. Master Meter contends that the then existing warranty would cover any repairs or replacements on a pro-rated basis. Master Meter alleges that it restated this to representatives from Mission Springs Water District at prior meetings, including a meeting on 12/20/2018.

### 2. Legal Issues

Jurisdiction and venue are undisputed. The instant action was removed to this Court on February 19, 2020, based on diversity jurisdiction. This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. 1332(a), and is one which has been removed to this Court by Defendant, Master Meter, pursuant to the provisions of 28 U.S.C. 1446(b). This is a civil action between citizens of different states and the matter in controversy exceeds $75,000.

Complete diversity of citizenship exists. Plaintiff is a county water district and public agency of the State of California with its offices in Desert Hot Springs, Riverside County, California. Defendant, Core & Main, LP is, and has been during all times relevant to this litigation, a limited partnership under the laws of Florida. Core & Main, LP's principal place of business is in St. Louis, Missouri. Defendant, Master Meter is, and has been during all times relevant to this litigation, is a Texas Corporation.

Venue is appropriate before this Court pursuant to 28 U.S.C. 1446(a) because the removed action was filed in the Superior Court, State of California, County of Riverside.

### 3. Damages

Plaintiff is requesting general and special damages, incidental costs and

damages, costs of suit and any further relief that the Court deems just and proper.

While Defendants deny all allegations against them, the parties have only engaged in initial written discovery and thus Defendants reserve the right to comment on and dispute Plaintiff's claimed damages at a later date in time.

**4. Insurance**

Defendant Core & Main, LP has general liability insurance with AIG.

Defendant, Master Meter, Inc. has general liability insurance through CNA.

**5. Motions**

The parties do not intend at this point in time to seek amendment of any pleadings.

There is a Final Pretrial Conference scheduled for June 21, 2021. The Parties would like to request that the Final Pretrial Conference be continued to December 20, 2021.

**6. Complexity**

The parties do not consider this to be a case that should be designated as complex.

**7. Status of Discovery**

This matter originated in state court and then was removed to federal court. Some initial written discovery has been conducted.

**8. Proposed Discovery Plan**

**See Exhibit "A."**

a. Proposed changes in the limits on discovery per Fed. R. Civ. P. 26(b); 30(a)(2)(A), (B), or (C); 30(d); or 33(a):

**The parties propose they be allowed to serve fifty (50) interrogatories each.**

**The parties do not propose any other changes be made to the limitations on discovery, aside from**

those imposed by the Federal Rules of Civil Procedure and the Central District of California.

b.  Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information:

**Yes. Defendants anticipate that a protective order will be necessary to the extent that Plaintiff seeks the production of any information which it considers to be proprietary, confidential business records and/or trade secrets, which includes but is not limited to policies, procedures, videos, manuals and employee personnel files.**

**The parties have generally discussed issues regarding the protection of information by a privilege or work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502. The parties agree as follows:**

**If either party identifies privileged information that has been inadvertently produced to the opposing party, the parties agree that the disclosure does not operate as a waiver if the producing party took reasonable steps to prevent disclosure and asserts a claim of privilege as soon as practicable. In**

**asserting such a claim of privilege, the producing party shall provide information sufficient to meet the requirements of Fed. R. Civ. P. 26(b)(5). When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must expressly make the claim by producing a privilege log that describes the nature of the documents, communications, or tangible things not produced or disclosed. The parties further agree that any communications between counsel of record and their respective clients, any documents prepared by the parties at the direction or request of counsel, and any documents created by counsel relative to this litigation, or in anticipation thereof, are automatically deemed privileged and do not need to be disclosed or recorded on a privilege log.**

c. Any issues or proposals relating to the timing; sequencing, phasing, or scheduling of discovery:

**Not at this time.**

d. Whether the parties anticipate the need to take discovery outside the United States and if so a description of the proposed discovery:

**Not at this time**.

e. Whether the parties anticipate the need to take discovery outside the United States and if so a description of the proposed discovery:

1         **Not at this time**.

2   f.      Proposed Date for a Mid-Discovery Status Report and

3           Conference: **The Parties would like to request that the**

4           **Final Pretrial Conference be continued to December**

5           **20, 2021. The parties request that the Mid-Discovery**

6           **Status Report and Conference be held on the date of**

7           **the currently scheduled Final Pretrial Status**

8           **Conference – on June 21, 2021.**

9   g.      Discovery Relating To Electronic, Digital and/or Magnetic Data: **The parties**

10 **anticipate that there may be discovery relating to electronically stored**

11 **information**. **The parties will meet and confer regarding the production of**

12 **electronic, digital and/or magnetic data.**

13         A.      Duty to Meet and Confer: (i) computer-based information (in

14 general); (ii) e-mail information; (iii) deleted information; and (iv) back-up data.

15     **The parties have discussed issues about preservation, disclosure,**

16 **production, or discovery or electronically stored information, as required by**

17 **Fed. R. Civ. P. 26(f).**

18     The parties agree as follows: They will produce native files for Excel, Video,

19 Audio, Primavera, CAD, .Csv files and any other non-tiffable or non-pdfable

20 documents only. A tiff image placeholder should also be produced with any native

21 file. Otherwise the parties agree to the following ESI production format: Single

22 page tiff images, document level extracted text or OCR, a .dat file with metadata

23 fields and a Concordance load file for the images. The parties reserve the right to

24 request that ESI be produced in an alternative format as necessary to utilize

25 document review tools, or for additional metadata fields. All such requests shall be

26 made at the time of the request for production of the ESI. The parties agree to meet

27 and confer if any such issues regarding the production or discovery of ESI arise.

28     The parties are not currently aware whether any restoration of deleted

Klinedinst PC
2 Park Plaza, Suite 1250
Irvine, California 92614

information is necessary.  The parties will meet-and-confer on this issue as reasonably necessary.

For any inadvertently produced email, see Section 8b.

The parties are not currently aware whether any back-up data is necessary. The parties will meet-and-confer on this issue as reasonably necessary.

### 9. Dispositive Motions

The case is in its early stages.  However, the parties reserve their right to file dispositive motions.

### 10. Dates Agreed By All Counsel

a. Filing non-dispositive and dispositive pre-trial motions with the understanding that motions (except motions in limine or other trial motions) will not be entertained after the agreed upon date: **November 1, 2021**

b. Final Pre-Trial Conference date: **December 20, 2021**

c. Trial Date: **February 21, 2022**

### 11. Alternative Dispute Resolution ("Procedure Selection")

The parties select ADR Procedure No. 3 (private mediation).

### 12. Settlement Efforts

No demand or offer has been made.

### 13. Preliminary Trial Estimate

The parties agree to trial by jury and estimate that the trial will take approximately 10 days.

**Trial Counsel for Plaintiff MISSION SPRINGS WATER DISTRICT:**
Shaun M. Murphy, Esq.
SLOVAK BARON EMPEY MURPHY & PINKNEY LLP

**Trial Counsel for Defendant MASTER METER, INC.**
Ruben A. Castellón
CASTELLÓN & FUNDERBURK LLP

Phillip A. Baker
BAKER, KEENER & NAHRA LLP

**Trial Counsel for Defendant CORE & MAIN, LP:**

Frederick M. Heiser
Emily J. Atherton
KLINEDINST PC

### 14. Independent Expert or Master

The parties do not anticipate that this case will require a master pursuant to Federal Rule of civil Procedure 53 or an independent scientific expert.

### 15. Other issues

The parties do not expect issues relating to voluminous document production, non-English speaking witnesses, discovery in foreign jurisdictions, or complicated technical or technological issues.

The Parties hereby submit **Exhibit A**, which details the proposed schedule for this case.

SLOVAK BARON EMPEY MURPHY & PINKNEY LLP

DATED: March __03__, 2021   By: _/s/ Katelyn Empey_
Shaun M. Murphy
Katelyn K. Empey
Attorneys for Plaintiff, MISSION SPRINGS WATER DISTRICT

KLINEDINST PC
2 PARK PLAZA, SUITE 1250
IRVINE, CALIFORNIA 92614

10
STIPULATION TO REVISE JOINT SCHEDULING REPORT DATES SUBJECT TO COURT APPROVAL

CASTELLÓN & FUNDERBURK LLP

DATED: March __3__, 2021  By: __/s/ Ruben A. Castellon__
Ruben A. Castellón
Attorneys for Defendant MASTER METER, INC.

BAKER KEENER & NAHRA LLP

DATED: March __3__, 2021  By: _[signature]_
Phillip A. Baker
Attorneys for Defendant MASTER METER, INC.

KLINEDINST PC

DATED: March __3__, 2021  By: __/s/ Emily J. Atherton__
Frederick M. Heiser
Emily J. Atherton
Attorneys for Defendant CORE & MAIN, LP

KLINEDINST PC
2 PARK PLAZA, SUITE 1250
IRVINE, CALIFORNIA 92614

11
STIPULATION TO REVISE JOINT SCHEDULING REPORT DATES SUBJECT TO COURT APPROVAL

# EXHIBIT A

# PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME: *Mission Springs Water District v. Master Meter, Inc., et al.*

CASE NO: 5:20-cv-00332 TJH (KKx)

| Matter | Deadline | Plaintiff Requests | Defendants Request |
|---|---|---|---|
| Exchange of Initial Disclosures | | Completed | Completed |
| Last Day to File Motions to Add Parties and Amend Pleadings | | Completed | Completed |
| Fact Discovery Cut-Off | 16 weeks before the Final Pretrial Conference ("FPTC") | September 13, 2021 | September 13, 2021 |
| Last Day to Serve Initial Expert Disclosure | 14 weeks before the FPTC | September 27, 2021 | September 27, 2021 |
| Last Day to Serve Rebuttal Expert Reports | 12 weeks before the FPTC | November 8, 2021 | November 8, 2021 |
| Last Day to Conduct Settlement Proceedings | 9 weeks before the FPTC | October 18, 2021 | October 18, 2021 |
| Expert Discovery Cut-Off | 8 weeks before the FPTC | October 25, 2021 | October 25, 2021 |
| Last Day to file Dispositive and Non-Dispositive Motions (except motions in limine and other trial motions) | 7 weeks before the FPTC | November 1, 2021 | November 1, 2021 |

Klinedinst PC
2 Park Plaza, Suite 1250
Irvine, California 92614

| | | | |
|---|---|---|---|
| Last Day to File *Daubert* Motions | 7 weeks before the FPTC | November 1, 2021 | November 1, 2021 |
| Last Day to File Motions in Limine (other than *Daubert* Motions) | 4 weeks before the FPTC | November 22, 2021 | November 22, 2021 |
| Final Pre-Trial Conference | 8 weeks before the Trial | December 20, 2021 | December 20, 2021 |
| Trial | 8 weeks after the Final Pre-Trial Conference | February 21, 2022 | February 21, 2022 |

19306384.1